## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

WILLIAM RAGER, individually and on
Behalf of all other similarly situated,

        Plaintiff,

v.                                           No. 18-CV-571-WPJ

PECOS VALLEY PIZZA, INC.,
and BRIAN BAILEY

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL
## ARBITRATION AND DISMISS SUIT [DOC. 11]

**THIS MATTER** comes before the Court on Defendants' Motion to Compel Arbitration and Dismiss Suit. [Doc. 11, filed August 20, 2018]. Upon reviewing the parties' briefs and the applicable law, the motion is **GRANTED in part and DENIED in part**.

### BACKGROUND

Plaintiff William Rager filed suit in this Court against Defendant Pecos Valley Pizza, Inc., and Defendant Brian Bailey for violations of the Fair Labor Standards Act of 1938, U.S.C. §§ 201, et seq., and the New Mexico Wage Law NMSA 1978, § 50-4-21. Plaintiff signed an Arbitration Agreement with Defendant Pecos Valley Pizza, Inc. Pursuant to that Arbitration Agreement, Defendants seek to compel arbitration, to dismiss the present lawsuit, and an award of attorneys' fees.

### STANDRAD

Under Section 4 of the Federal Arbitration Act ("FAA"), "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration

may petition any United States district court [. . .] for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The FAA provides that a written agreement requiring arbitration of controversies arising out of a contract "evidencing a transaction involving commerce [. . .] shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 2 of the FAA creates a substantive rule applicable in state as well as federal courts. *Southland Corp. v. Keating*, 465 U.S. 1, 16 (1984).

In enacting the FAA, "Congress intended to foreclose state legislative attempts to undercut the enforceability of arbitration agreements." *Perry v. Thomas*, 482 U.S. 483, 489 (1987) (citation and internal quotation marks omitted). There is a clear federal policy of requiring arbitration unless the agreement to arbitrate is not part of a contract evidencing (1) interstate commerce or (2) is revocable upon such grounds as exist at law or (3) in equity for the revocation of any contract. *See* 9 U.S.C. § 2. Further, the Supreme Court has emphasized the "fundamental principle that arbitration is a matter of contract[.]" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal citation and quotation marks omitted). "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, [. . .] and enforce them according to their terms." *Id.* (internal citation and quotation marks omitted). To be enforceable, an arbitration agreement must be validly formed pursuant to state contract law. *See Salazar v. Citadel Commc'ns Corp.*, 2004-NMSC-013, ¶ 8, 135 N.M. 447 ("To determine whether the agreement to arbitrate is valid, courts look to general state contract law . . . ."). "[T]he terms of the arbitration agreement are to be interpreted by the rules of contract law" and that "courts will apply the plain meaning of contract language as written in interpreting terms of a contract[.]" *Christmas v. Cimarron Realty Co.*, 1982-NMSC-079, ¶ 8, 98 N.M. 330, 648 P.2d 788, 790. It is the party seeking judicial

enforcement of an arbitration agreement who bears the burden of persuasion. *THI of New Mexico at Hobbs Center, LLC v. Patton*, Civ. No. 11-537 (LH/CG), 2012 WL 112216, *6 (D.N.M. Jan. 3, 2012) (citation omitted).

## DISCUSSION

### I.        Arbitration Agreement

The parties do not dispute that there is an enforceable arbitration agreement, or that the matter should not proceed to arbitration. Defendants submitted the instant motion despite Plaintiff's statement that the motion would not be opposed so long as the matter was stayed. Defendants want the action dismissed as they argue that all the claims would go to arbitration. [Doc. 18 at 3 (citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)].

"[U]pon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]" 9 U.S.C. § 3. The Tenth Circuit holds that when one of the parties petitions the Court to stay an action pending compulsory arbitration, the mandatory language of Section 3 is binding, and it is error for the Court to dismiss the action. *See Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994); *cf. Armijo v. Prudential Ins. of Am.*, 72 F.3d 793, 797 (10th Cir. 1995) (holding that when the party seeking to compel arbitration requests the court for dismissal, and there is no evidence in the record of any party requesting a stay, it is not error for the district court to dismiss the case). In his response, Plaintiff has made an unequivocal application to the Court for a stay of proceedings until arbitration has been resolved. Therefore, the proceedings will be stayed until arbitration takes place in accordance with the terms of the Arbitration Agreement.

## II.     Dismissal of Court Action Provision of Arbitration Agreement

Having determined that there is an enforceable arbitration agreement because neither party disputes that one does not exist, the Court next addresses Defendants' request for attorneys' fees. Defendants pray this Court for an award of attorneys' fees pursuant to the Dismissal of Court Action provision of the Arbitration Agreement that prevents a party from pursuing a covered claim in court. The provision states:

> If either party pursues a covered claim against the other in a court proceeding, the filing party agrees that the responding party shall be entitled to a dismissal, stay and/or injunctive relief regarding such action, and recovery of all costs and attorneys' fees related to such court action or proceeding.

[Doc. 11.1 at 5]. The Court will not award attorneys' fees for the mere filing of this proceeding because Defendants have not shouldered their burden and have not demonstrated that the provision requiring the payment of attorneys' fees for filing a court action applies for this proceeding. Both parties seek to have the case arbitrated, and therefore neither party is "pursuing a claim" in court. Therefore, the Court determines that the plain language of the Arbitration Agreement is clear, and this provision does not apply at this instance because neither party is pursuing a covered claim in a court proceeding.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Arbitration and Dismiss Suit, [Doc. 11, filed August 20, 2018], is **GRANTED** in part and **DENIED** in part as follows:

1.  Defendants' request to compel arbitration is **GRANTED**;

2.  Plaintiff is ordered to arbitrate his claims against Defendants' according to the terms of the Arbitration Agreement in accordance with this Memorandum Opinion and Order;

3.  The attorneys' fees award request by Defendants is **DENIED**;

4. This case is **STAYED** until arbitration has been resolved;

5. **IT IS FINALLY ORDERED** that the parties' must jointly notify this Court when Arbitration has been completed, and if any final disposition occurred.

_____

CHIEF UNITED STATES DISTRICT JUDGE